**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: _____

THEO GRIGORIOU,

      Plaintiff,

vs.

GTS BATTERIES, INC.,

      Defendant.

_____/

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, THEO GRIGORIOU, by and through his undersigned counsel and pursuant to Rule 7, Federal Rules of Civil Procedure, hereby files this Complaint and Demand for Jury Trial against Defendant, GTS BATTERIES, INC. ("GTS") d/b/a Global Technology Systems.

**NATURE OF COMPLAINT**

1.      This action seeks damages and attorney's fees as a result of Defendant's discriminatory forced retirement of Plaintiff in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 et seq. ("ADEA"), Defendant's failure to pay Plaintiff's wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and Defendant's breaches of Plaintiff's employment contract, under which Defendant agreed to pay Plaintiff a $150,000 annual salary on a bi-weekly basis and $150,000 in retirement benefits following his retirement from the company.

## THE PARTIES

2.    Defendant, GTS, designs and manufactures batteries, chargers, and power management technologies for mobile devices including two-way radios, mobile computers, barcode scanners, and portable printers.

3.    Plaintiff is a former executive employee of Defendant.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 (federal question jurisdiction), 29 U.S.C. §626(c) (ADEA), 29 U.S.C. §216(b) (FLSA), and 28 U.S.C. 1367 (supplemental jurisdiction).

5.    Venue is appropriate in this Court, as the violations complained of occurred in Palm Beach County, Florida.

## FACTS OF CASE

6.    Plaintiff is 68 years old.

7.    Plaintiff was employed by Defendant from 2004 until his termination on December 4, 2015.

8.    Plaintiff's title was President of GTS Electronics Europe Ltd. and Vice President OEM Partnerships GTS, Inc.

9.    Plaintiff worked primarily out of Defendant's offices in Riviera Beach, Florida.

10.    On March 31, 2011, Defendant, through its President, Larry Murray, in exchange for Plaintiff's continued employment, agreed in writing to:

    a.    Increase Plaintiff's bi-weekly salary to $5,769.23, *i.e.* $150,000.00 annually;

    b.    Pay Plaintiff a $25,000 bonus for 2011;

2

c.  Grant Plaintiff the option to buy 5,000 shares of GTS at an exercise price of $28.88 per share; and

d.  Pay Plaintiff as a consultant for 18 months after his retirement at an annual rate of $100,000 regardless of the amount of work he actually performed (hereinafter, "Retirement Benefits").

11.  In reliance on this agreement ("the 2011 Agreement") Plaintiff continued to render services to Defendant, and Defendant satisfied the first three conditions of the 2011 Agreement.

12.  Plaintiff's job performance was excellent throughout his employment with Defendant.

13.  In the spring of 2015, Plaintiff received an incentive compensation award for extraordinary performance for 2014. Plaintiff was one of only three high level management employees to receive such a bonus and the level of bonus was equal to the highest level awarded.

14.  In 2015 Plaintiff's performance was equal to or better than his performance in 2014.

15.  Nevertheless, the company's President, Larry Murray, summarily terminated Plaintiff's employment effective December 4, 2015, by announcing to the company that Plaintiff was retiring from the company.

16.  Plaintiff had not received previous notice of any performance deficiencies.

17.  Additionally, Plaintiff was not planning to retire from the company at any time in the near future.

18.  Despite Defendant's forced retirement of Plaintiff, Defendant has failed to pay Plaintiff his Retirement Benefits.

19.     Although Plaintiff worked through December 4, 2015, Defendant has also failed to pay Plaintiff any wages for the period November 23rd through December 4, 2015.

## COUNT I – AGE DISCRIMINATION IN EMPLOYMENT ACT

20.     Plaintiff incorporates his allegations set forth in paragraphs 1-19 of the Complaint, as if fully set forth herein.

21.     Defendant is an "employer" within the meaning of the ADEA. Defendant operates in an industry affecting commerce and employed in excess of 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

22.     Plaintiff exhausted his administrative remedies as required by 29 U.S.C. §626(d), to wit:

a.   Plaintiff dual-filed an administrative Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on February 3, 2016, alleging age discrimination.

b.   Plaintiff filed his charge less than 300 days following his termination.

c.   More than 60 days have passed since the filing of Plaintiff's Charge of Discrimination.

23.     The ADEA makes it unlawful for an employer to discriminate against an employee based on that person's age.

24.     Defendant terminated Plaintiff because of his age, and Plaintiff would not have been terminated but for his age.

25.     Defendant's treatment of Plaintiff as set forth above was a willful violation of the ADEA.

4

26.     As a result of Defendant's willful, discriminatory conduct, Plaintiff has suffered and will continue to suffer economic damages, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly seeks all legal and equitable relief as may be appropriate, including, but not limited to, reinstatement; promotion; and lost economic damages such as back-pay, front-pay and the value and/or impact of lost benefits.

27.     Plaintiff also requests liquidated damages based on Defendant's willful discriminatory conduct.

28.     Plaintiff also requests that attorney's fees and costs be awarded under the ADEA.

WHEREFORE, Plaintiff prays for the entry of a judgment against Defendant and an award of all legal and equitable relief as may be appropriate, including, but not limited to, lost economic damages such as back pay, front pay, and the value of lost benefits, liquidated damages, attorney's fees and costs, and prejudgment interest, all as permitted by law for a violation of the ADEA.

## COUNT II – FAIR LABOR STANDARDS ACT (MINIMUM WAGE)

29.     Plaintiff incorporates his allegations set forth in paragraphs 1-19 of the Complaint, as if fully set forth herein.

30.     At all times material hereto, Defendant had annual sales revenues in excess of $500,000.00, and had two or more employees handling, selling or working on goods or materials that have moved in or were produced for commerce.

31.     Accordingly, at all time material hereto, Defendant was an "enterprise engaged in commerce" as defined by the FLSA.

32.     Pursuant to the FLSA, Plaintiff was entitled to be paid at least the minimum wage for all hours worked in each workweek.

33.     Defendants knowingly and willfully failed to pay Plaintiff any wages during the period November 23rd through December 4, 2015, and therefore failed to pay Plaintiff the federally-required minimum wage.

34.     As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

35.     Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiffs demand judgment against Defendants for the payment of the minimum wage, liquidated damages, attorney's fees and costs, and for all proper relief including prejudgment interest.

## COUNT III – BREACH OF CONTRACT
## (FAILURE TO PAY WAGES)

36.     Plaintiff adopts and realleges the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

37.     Defendant's agreement to pay Plaintiff a $150,000 annual salary on a bi-weekly basis was a valid contract.

38.     Defendant breached that contract by failing to pay Plaintiff any wages during the period November 23rd through December 4, 2015.

39.     Plaintiff has suffered economic damages as result of Defendant's breach.

40.     Plaintiff is entitled to his attorney's fees and costs pursuant to § 448.08, Florida Statutes as a result of Defendant's breach.

WHEREFORE, Plaintiffs demand judgment against Defendant for his unpaid salary, plus prejudgment interest, attorney's fees and costs, and any other remedies allowable by law.

## COUNT IV – BREACH OF CONTRACT
### (FAILURE TO PAY RETIREMENT BENEFITS)

41.     Plaintiff adopts and realleges the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

42.     Defendant's agreement to pay Plaintiff Retirement Benefits was a valid contract.

43.     Defendant breached that contract by failing and refusing to pay Plaintiff his Retirement Benefits.

44.     Plaintiff has suffered economic damages as result of Defendant's breach.

WHEREFORE, Plaintiffs demand judgment against Defendant for his unpaid Retirement Benefits, plus prejudgment interest, costs, and any other remedies allowable by law.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all of his claims asserted above.


Respectfully submitted,

**/s/ Richard D. Tuschman**
Richard D. Tuschman, Esq.
Florida Bar No. 907480
E-mail: rtuschman@gtemploymentlawyers.com
Secondary E-mail: rtuschman@gmail.com
**GOODZ & TUSCHMAN, PLLC**
8551 W. Sunrise Boulevard, Suite 303
Plantation, Florida 33322
Telephone: (954) 369-1050
Facsimile: (954) 380-8938

7